# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARSHA R. MURPHY, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>    Defendant. ) | Case No. CIV-12-292-D |

## ORDER

Before the Court is the Plaintiff's Application for Attorney Fees [Doc. No. 18] pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). As Plaintiff correctly states, the EAJA permits an award of attorney fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims. In this case, Plaintiff prevailed in her action against the Commissioner of the Social Security Administration, as the Court approved the Commissioner's unopposed motion to reverse the denial of Plaintiff's application for benefits, and remanded the matter for further agency proceedings. *See* November 6, 2012 Order [Doc. No. 16] and Judgment [Doc. No. 17]. As a "prevailing party" within the meaning of the EAJA, Plaintiff is entitled to an award of reasonable attorney fees. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993). Plaintiff seeks an award of $5,994.30. Defendant Commissioner has not filed an objection to Plaintiff's attorney fee application, and the deadline for doing so has expired.

Plaintiff's application is accompanied by documentation reflecting the work performed by counsel on her behalf, the time expended on each action taken, and the hourly rate charged for each item of work performed. Application, Attachment 4. Also accompanying her application are materials reflecting the average hourly rate approved by the Social Security Commission for legal

services performed on behalf of claimants. *Id.,* Attachment 2. Plaintiff also submits a copy of her executed contingent fee contract for the legal work performed in this case. Application, Attachment1.

The Court has reviewed the documents submitted by Plaintiff and finds that the hourly rates charged, the time expended, and the resulting total amount incurred represent a fair and reasonable attorney fee in this case. Accordingly, the Court approves an EAJA fee award in the amount of $5,994.30. The EAJA fee must be paid directly to Plaintiff and not to her counsel. *Manning v. Astrue*, 510 F. 3d 1246, 1249-55 (10th Cir. 2007). Furthermore, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U. S. C. § 406(b), she must refund the smaller of the EAJA or the § 406(b) award to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Subject to the foregoing, Plaintiff's application for an EAJA fee award of $5,994.30 is GRANTED.

IT IS SO ORDERED this 13th day of December, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE